# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1825

_____

Terri Davison,                      *
                                     *

           Appellant,           *
                                       *     Appeal from the United States
    v.                              *     District Court for the Western
                                       *     District of Missouri
City of Lone Jack, Missouri,    *
                                       *     [UNPUBLISHED]
          Appellee.           *
                                       *
                                       *

_____

Submitted: December 17, 2004
Filed: January 31, 2005

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges

_____

PER CURIAM.

After one month as an employee of Lone Jack, Missouri, Terri Davison resigned. She sued the city and four police officers, claiming she was denied equal protection of law and constructively discharged due to her gender. The district court[1] granted summary judgment, finding no genuine issue as to material facts and that Lone Jack was entitled to judgment as a matter of law (the individual defendants

_____

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

having been dismissed).  This court reviews de novo the grant of summary judgment, viewing the facts (and reasonable inferences) in the light most favorable to Davison. *Rose - Matson v. NME Hospitals, Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1997). Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

Intentional sexual harassment by persons acting under the color of state law violates equal protection. *See Moring v. Arkansas Dept. of Corrections*, 243 F.3d 452 (8th Cir. 2001).  To be actionable under 42 U.S.C. § 1983, sexual harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986).   "Relevant factors for determining whether conduct rises to the level of abusiveness include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ottoman v. City of Independence, Mo.*, 341 F.3d 751, 760 (8th Cir. 2003).  These factors are judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances.  *See Oncale v. Sundower Offshore Services, Inc.,*118 S.Ct. 998, 1003 (1998).

In support of her sexual harassment and hostile-work-environment claims, Davison emphasizes she daily overheard officers make offensive and vulgar statements about women.  But, she acknowledges that no gender-related statements were directed at her. *See Blackmon v. Pinkerton Security & Investigative Serv.,* 182 F.3d 629 (8th Cir. 1999).  Although the officers' (alleged) statements about women were lewd and offensive, they  "do not constitute discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [Davison's] employment and create an abusive working environment." *Id*.  Mere offensive utterances do not constitute sexual harassment, nor create a hostile-work environment. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).  Davison

failed to demonstrate she was subjected to sexual harassment and a hostile work environment.

Davison also claims to have been constructively discharged. For an employee to be constructively discharged, an employer must have deliberately created intolerable working conditions with the intention of forcing the employee to quit. *Summit v. S-B Power Tool*, 121 F.3d 416, 421 (8th Cir. 1997). An employee who resigns without giving the employer a reasonable chance to resolve a problem has not been constructively discharged. *See Phillips v. Taco Bell Corp.*, 156 F.3d 884, 890 (8th Cir. 1998).

Here, Davison failed to present evidence that the officers deliberately made offensive remarks with the intent to force her to resign because of her gender. She admitted that she had no idea whether the remarks were made because of her gender. In fact, Davison stated that the reason she resigned was to accept a higher paying job.

Further, Davison did not give Lone Jack an opportunity to resolve the situation. During her four-week employment, the City Council adopted a sexual harassment policy in response to Davison's complaints. One week later, she resigned. Afterwards, city officials requested that Davison rescind her resignation, in order to give them an opportunity to resolve the problems. She declined. Thus, Davison failed to demonstrate she was constructively discharged.

The judgment of the district court granting summary judgment to Lone Jack is affirmed.

_____